STATE ex CLAY v. MADIGAN et.

Ohio Appeals, 3rd Dist., Allen Co.
No. 486. Decided Sept. 16, 1927.

**First Publication of this Opinion.**

Judges Richards and Williams of the Sixth District, sitting in place of Judges Crow and Justice of the third district.

159. BOARD OF DEPUTY STATE SUPERVISORS—747. Mandamus — 1. Under 4974 GC. decision of board of deputy State Supervisors of County, upon protest filed against candidate for office of district lying within county, is final.

2. Where action, in refusing to place name on ballot, amounts to abuse of descretion, mandamus will lie.

In Mandamus.
Judgment for plaintiff.
Writ allowed.
B. F. Welty, Lima, for State ex.
Ernest M. Botkin Lima, for Madigan.

FULL TEXT

WILLIAMS, J.

This is an original proceeding in mandamus in which the relator Frank C. Clay, seeks to compel the defendants James M. Madigan, H. E. Garling, M. M. Bogart and William Roeder, as members of the Board of Deputy State Supervisors and Inspectors of Election of Allen County, Ohio, to place relator's name upon the ballot at the November election as a candidate for member of the City Commission of the City of Lima, Ohio.

The petition is demurred to on the ground that it does not state facts sufficient to constitute a cause of action. The sole question for our determination is, whether or not the petition is demurrable.

The petition alleges that the relator is a citizen and elector of the City of Lima, that that City is a charter city under the constitution and laws of the State of Ohio, and that at the August primary in 1927, the five candidates receiving the highest number of votes for member of the City Commission with the vote received, were as follows:

Edwin Blank ......................1219
John A. Harley ..................... 908
John T. Rankin ..................... 860
H. L. Breckenridge ................. 856
Frank C. Clay ...................... 666

The petition also states that on September 1, 1927, H. L. Breckenridge resigned as a candidate for member of the City Commission aforesaid, and that the Board refused to certify and place relator's name upon the ballot.

The petition also alleges facts that show that H. L. Breckenridge never has been a citizen of the United States, but is, and always has been a subject of Great Britain.

The petition also sets out various provisions of the charter of the City of Lima, which show the creation of a City Commission to consist of five electors of the city and among other provisions it sets out verbatim, Section 78, which insofar as it is material, is as follows:

Section 78. The candidate for nomination to the office of City Commissioner who shall receive the greatest number of votes in such primary election shall be placed on the ballot at the next regular municipal election in number not to exceed twice the number of vacancies in the City Commission to be filled, and the candidates at the regular municipal election, equal in number to the places to be filled, who shall receive the highest number of votes at such regular municipal election, shall be declared elected.

Under GC. Section 4974, the decision of the Board of Deputy State Supervisors of a county upon a protest filed against a candidate for an office of a district lying within the county, is final.

While it is true that ordinarily in matters of that kind the decision of the Board is final, yet, if the action in refusing to place the name of relator on the ballot, amounted to an abuse of discretion, a writ of mandamus, would lie.

State ex rel v. Smith, Secretary of state, 101 OS. 358.

State ex rel Gongweir v. Graves, Secretary of State, 90 OS. 311.

In determining the sufficiency of the petition, we must assume the facts pleaded to be true, and under the part of Section 78, above quoted, it was the duty of the Board to place upon the ballot at the November election, the candidates who received the greatest number of votes in the primary election, not to exceed twice the number of vacancies to be filled. The Board was required to place upon the ballot, the candidates receiving the greatest number of votes not exceeding four. As Breckenridge was ineligible for the office, not being an elector, and had, in addition thereto, resigned, his name could not lawfully be considered in determining those who received the greatest number of votes. If the name of Breckenridge, were excluded from consideration, the relator would be one of the four having the greatest number of votes at the primaries, and it was an abuse of discretion upon the part of the Board to refuse to put relator's name upon the ballot for the November election. The demurrer should therefore, be overruled.

As the defendants have indicated that in case the demurrer should be overruled, they would not desire to plead further, final judgment will be entered in favor of the plaintiff allowing the writ of mandamus as prayed for.

(Richards and Hughes, JJ., concur.)